# EXHIBIT A

to Notice of Removal

Case 8:21-cv-00082   Document 1-1   Filed 01/15/21   Page 2 of 18   Page ID #:5
Electronically Filed by Superior Court of California, County of Orange, 12/15/2020 08:00:00 AM.
30-2020-01174490-CU-CR-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE

**Rafael Arroyo**

    Plaintiff,

v.

**Ayres-Anaheim, L.P.**, a Delaware Limited Partnership; and Does 1-10,

    Defendants,

Case No. 30-2020-01174490-CU-CR-CJC

**Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act

Assigned for All Purposes
Judge Derek W. Hunt

Plaintiff Rafael Arroyo complains of Ayres-Anaheim, L.P., a Delaware Limited Partnership and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He is a paraplegic. He uses a wheelchair for mobility.

2. Defendant Ayres-Anaheim, L.P., a Delaware Limited Partnership owns and operates the Ayres Hotel Anaheim located at 2550 E. Katella Ave.,

1

Complaint

Anaheim, California currently and at all times relevant to this complaint.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION:**

4. This Court has subject matter jurisdiction over this action as a court of general jurisdiction. This Court has personal jurisdiction over Defendants because they conduct substantial business in the State of California, County of Orange, and Defendant's offending Website is available throughout California.

5. Venue it proper in this Court because Defendant conducts business in this County.

6. Unlimited jurisdiction is proper because Plaintiff seeks a permanent injunction ordering compliance with the Americans with Disabilities Act.

**PRELIMINARY STATEMENT**

7. This is a lawsuit challenging the reservation policies and practices of a place of lodging. Plaintiff does not know if any physical or architectural barriers exist at the hotel and, therefore, is not claiming that that the hotel has violated any construction-related accessibility standard. Instead, this is about

Complaint

the lack of information provided on the hotel's reservation website that would permit plaintiff to determine if there are rooms that would work for him.

8. After decades of research and findings, Congress found that there was a "serious and pervasive social problem" in America: the "discriminatory effects" of communication barriers to persons with disability. The data was clear and embarrassing. Persons with disabilities were unable to "fully participate in all aspects of society," occupying "an inferior status in our society," often for no other reason than businesses, including hotels and motels, failed to provide information to disabled travelers. Thus, Congress decided "to invoke the sweep of congressional authority" and issue a "national mandate for the elimination of discrimination against individuals with disabilities," and to finally ensure that persons with disabilities have "equality of opportunity, full participation, independent living" and self-sufficiency.

9. As part of that effort, Congress passed detailed and comprehensive regulations about the design of hotels and motels. But, as importantly, Congress recognized that the physical accessibility of a hotel or motel means little if the 61 million adults living in America with disabilities are unable to determine which hotels/motels are accessible and to reserve them. Thus, there is a legal mandate to provide a certain level of information to disabled travelers.

10. But despite the rules and regulations regarding reservation procedures, a 2019 industry article noted that: "the hospitality sector has largely overlooked the importance of promoting accessible features to travelers."

11. These issues are of paramount important. Persons with severe disabilities have modified their own residences to accommodate their unique needs and to ameliorate their physical limitations. But persons with disabilities are never more vulnerable than when leaving their own residences and having to travel and stay at unknown places of lodging. They must be able to ascertain

Complaint

whether those places work for them.

**FACTUAL ALLEGATIONS:**

12. Plaintiff planned on making a trip in September of 2020 to the Anaheim, California, area.

13. He chose the Ayres Hotel Anaheim located at 2550 E. Katella Ave., Anaheim, California because this hotel was at a desirable price and location.

14. Plaintiff needs an accessible guestroom. He needs clearance around beds, he needs accessible restroom facilities including accessible sinks, accessible tubs or showers and accessible toilets. He needs sufficient maneuvering clearance in and around the guestroom. He needs accessories to be located within an accessible reach range. In short, he benefits from and needs compliant accessible guestroom features.

15. While siting bodily in California, Plaintiff went to the Ayres Hotel Anaheim reservation website at https://www.expedia.com/Anaheim-Hotels-Ayres-Hotel-Anaheim.h797111.Hotel-Information seeking to book an accessible room at the location on September 16, 2020. The Hotel maintains an account with Expedia.com. Third-party booking at sites like Expedia.com is a service offered to Ayres Hotel Anaheim's customers. Ayres Hotel Anaheim is responsible for providing information about its services to its third-party partners and has control over the information provided. The Ayres Hotel Anaheim is aware Expedia.com presents information about its services and is aware, or should be aware, of the descriptions provided by Expedia.com on its behalf.

16. Plaintiff found that there was little information about the accessibility of the rooms. For example, under the "Accessibility" it mentions features such as: "Accessible bathroom", "In-room accessibility", "Roll-in shower", "Wheelchair accessible (may have limitations)". It further states: "If you have

Complaint

requests for specific accessibility needs, please contact the property using the information on the reservation confirmation received after booking." These vague and conclusory statements offer little detail. For example, there is no specific information on whether the desk/table in the room is accessible, if the or if the sink is accessible, or if the room has accessible clear floor space.

17. The defendant's reservation system failed to identify and describe the accessible features in the guestroom chosen by the plaintiff in enough detail to reasonably permit him to assess independently whether the particular guestroom met his accessibility needs.

18. This lack of information created difficulty for the plaintiff and the idea of trying to book this room -- essentially ignorant about its accessibility -- caused discomfort for the Plaintiff.

19. Plaintiff would like to patronize this hotel but is deterred from doing so because of the lack of detailed information through the hotel's reservation system. Plaintiff not only travels frequently but is always on the lookout for businesses that violate the law and discriminate against him and other persons with disabilities, intending to have them comply with the law and pay statutory penalties.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

20. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

21. Under the ADA, it is an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges advantages or

Complaint

accommodations to person with disabilities unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the those goods, services, facilities, privileges advantages or accommodations. See 42 U.S.C. § 12182(B)(2)(A)(ii).

22. Specifically, with respect to reservations by places of lodging, a defendant must ensure that its reservation system, including reservations made by "any means," including by third parties, shall:

    a. Ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

    b. Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; and

    c. Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems.

See 28 C.F.R. § 36.302(e).

23. Here, the defendant failed to modify its reservation policies and procedures to ensure that it identified and described accessible features in the hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs and failed to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible

rooms.

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

25. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

26. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, failing to comply with the ADA with respect to its reservation policies and practices.

27. Because the violation of the Unruh Civil Rights Act resulted in difficulty and discomfort for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).

**PRAYER:**

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).

Dated: December 14, 2020          CENTER FOR DISABILTY ACCESS

By:_____
Russell Handy, Esq.
Attorneys for Plaintiff

Electronically Filed by Superior Court of California, County of Orange, 12/15/2020 08:00:00 AM.
30-2020-01174490-CU-CR-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):

Ayres-Anaheim, L.P., a Delaware Limited Partnership; and Does 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):

Rafael Arroyo

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decider en su contra sin escuchar su version. Lea la information a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entrguan esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entrgue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tine que estar en formato legal correcto si desea que procesen su caso an la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en al Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remission a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servivios legals gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol/) or poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pager el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Superior Court in and for the County of Orange
(El nombre y direccion de la corte es):
700 Civic Center Drive West
Santa Ana, CA 92701
Central Justice Center.

CASE NUMBER:
(Numero del Caso):
30-2020-01174490-CU-CR-CJC

Judge Derek W. Hunt

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):
Russell Handy., Center for Disability Access, 8033 Linda Vista Road, Suite 200 San Diego, CA 92111
(858) 375-7385

DAVID H. YAMASAKI, Clerk of the Court

DATE: 12/15/2020           Clerk, by _Skeeter Berry_____, Deputy
(Fecha)                    (Secretario)                  (Adjunto)

Skeeter Berry

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ Other (specify):
4. ☐ by personal delivery on (date):

[Seal]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 12/15/2020 08:00:00 AM.
30-2020-01174490-CU-CR-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Russell Handy, Esq., SBN 195058<br>Center for Disability Access<br>Mail: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111<br>Delivery: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111<br>TELEPHONE NO.: (858) 375-7385     FAX NO.: (888) 422-5191<br>ATTORNEY FOR (Name): Plaintiff, Rafael Arroyo | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center.

CASE NAME: Arroyo v. Ayres-Anaheim, L.P.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2020-01174490-CU-CR-CJC |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Derek W. Hunt<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [✓] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 2: Americans with Disabilities Act, Unruh Civil Rights Act
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/14/2020

Russel Handy, Esq.
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]         CIVIL CASE COVER SHEET         Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]               **CIVIL CASE COVER SHEET**                              Page 2 of 2



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

Superior Court of California, County of Orange

700 W. Civic Center Drive
Santa Ana, CA 92702

**PAYMENT RECEIPT**

E-Filing Transaction #: 41141227
Receipt #: 12647663

Clerk ID: sberry    Transaction No: 12820584    Transaction Date: 12/15/2020    Transaction Time: 06:36:56 AM

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01174490-CU-CR-CJC | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |

Sales Tax: $0.00
Total: $435.00   Total Rem. Bal:

E-Filing : - OneLegal

E-Filing: $435.00

Total Amount Tendered: $435.00

Change Due: $0.00

Balance: $0.00

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

**COPY**

Electronically Filed by Superior Court of California, County of Orange, 12/23/2020 08:00:00 AM.
30-2020-01174490-CU-CR-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By e Clerk, Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>CENTER FOR DISABILITY ACCESS<br>Raymond G. Ballister, Jr. SBN 111282<br>8033 Linda Vista Rd, Suite 200<br>San Diego, CA 92111<br>TELEPHONE NO.: (858) 375-7385   FAX NO. (Optional): (888) 422-5191<br>E-MAIL ADDRESS (Optional): general@potterhandy.com<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 700 Civic Drive West<br>MAILING ADDRESS: 700 Civic Drive West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Orange County Superior Court | |
| PLAINTIFF/PETITIONER: Arroyo<br><br>DEFENDANT/RESPONDENT: Ayres-Anaheim, L.P et.al | CASE NUMBER:<br>30-2020-01174490-CU-CR-CJC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Arroyo v. Ayres-Anaheim, L.P |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [X] other (specify documents): SEE ATTACHED LIST OF DOCUMENTS SERVED
3. a. Party served (specify name of party as shown on documents served):

   ### Ayres-Anaheim, L.P., a Delaware Limited Partnership

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):

   Agent for Service of Process: Allyson Ayres

4. Address where the party was served:

   1011 Kings Rd, Newport Beach, CA 92663
5. I served the party (check proper box)
   a. [X] *by personal service.* I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 12/19/2020    (2) at (time): 10:57 am
   b. [ ] *by substituted service.* On (date):    at (time):    I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

      (1) [ ] *(business)* a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] *(home)* a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] *(physical address unknown)* a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):    from (city):    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a *declaration of diligence* stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Arroyo | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ayres-Anaheim, L.P et.al | 30-2020-01174490-CU-CR-CJC |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*      (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   - a. ☐ as an individual defendant. (415.10)
   - b. ☐ as the person sued under the fictitious name of *(specify):*
   - c. ☐ as occupant.
   - d. ☒ On behalf of *(specify):* Ayres-Anaheim, L.P., a Delaware Limited Partnership
     under the following Code of Civil Procedure section:
     - ☐ 416.10 (corporation)
     - ☐ 416.20 (defunct corporation)
     - ☐ 416.30 (joint stock company/association)
     - ☒ 416.40 (association or partnership)
     - ☐ 416.50 (public entity)
     - ☐ 415.95 (business organization, form unknown)
     - ☐ 416.60 (minor)
     - ☐ 416.70 (ward or conservatee)
     - ☐ 416.90 (authorized person)
     - ☐ 415.46 (occupant)
     - ☐ other:

7. **Person who served papers**
   - a. Name: Fernando Santana- Roberto Diaz
   - b. Address: 30 N 1st St #8, Alhambra, CA 91801
   - c. Telephone number: (626) 375-5246
   - d. The fee for service was: $ 35
   - e. I am:
     - (1) ☐ not a registered California process server.
     - (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
     - (3) ☒ a registered California process server:
       - (i) ☐ owner ☐ employee ☒ independent contractor.
       - (ii) Registration No.:
       - (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 12/21/2020

Choose Server

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      (SIGNATURE)

Case Short Name (File Reference):

Arroyo v. Ayres-Anaheim, L.P

Case Number: 30-2020-01174490-CU-CR-CJC

# DOCUMENTS SERVED

- [✓] SUMMONS & COMPLAINT
- [✓] CIVIL CASE COVER SHEET
- [ ] CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
- [ ] VERIFICATION FOR COMPLAINT
- [ ] NOTICE OF CASE MANAGEMENT CONFERENCE
- [ ] NOTICE OF CASE ASSIGNMENT
- [ ] INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES
- [ ] ADR INFORMATION PACKAGE
- [ ] STIPULATION TO PARTICIPATE IN ADR
- [ ] DISPUTE RESOLUTION PROGRAMS ACT CONTRACTORS
- [ ] IMPORTANT INFORMATION FOR BUILDING OWNERS & TENANTS
- [ ] NOTICE TO DEFENDANT
- [ ] REQUEST TO WAIVE COURT FEES
- [ ] ORDER ON COURT FEE WAIVER
- [ ] VOLUNTARY EFFICIENT LITIGATION
- [ ] STIPULATION - EARLY ORGANIZATION MEETING
- [ ] STIPULATION – DISCOVERY RESOLUTION
- [✓] STIPULATION AND ORDER – MOTIONS IN LIMINE
- [ ] INFORMAL DISCOVERY CONFERENCE
- [ ] ORDER TO SHOW CAUSE HEARING
- [ ] NOTICE TO PLAINTIFF(S) / COUNSEL
- [ ] ORDER PURSUANT TO CCP 1054(A) EXTENDING TIME TO RESPOND

- [ ] TO ATTORNEY OF RECORD
- [ ] NOTICE TO LITIGANTS
- [ ] DEPARTMENT SE-C LAW & MOTION PROCEDURES
- [ ] ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS [PER CALIFORNIA CIVIL CODE 55.3(B)(1)(A)]
- [ ] LIMITED JURISDICTION CASE MANAGEMENT PROCEDURES AND INSTRUCTIONS
- [ ] CERTIFICATE OF COUNSEL
- [ ] LOS ANGELES SUPERIOR COURT POLICY
- [ ] NOTICE OF STATUS CONFERENCE
- [ ] CLERK'S CERTIFICATE OF MAILING
- [ ] CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
- [ ] NOTICE OF CASE MANAGEMENT REVIEW
- [ ] DEFENDANT'S APPLICATION FOR STAY & EARLY EVALUATION CONFERENCE PER CIVIL CODE 55.54 OR JOINT INSPECTION
- [ ] NOTICE OF STAY & EARLY EVALUATION CONF OR JOINT INSPECTION (Disability Access Litigation) AND ADVISORY NOTICE TO DEFENDANT [PER CALIFORNIA CIVIL 55.54(A)(1)]
- [ ] APPLICATION FOR MANDATORY EVALUATION CONFERENCE
- [ ] CONFIDENTIAL COVER SHEET AND DECLARATION RE DOCUMENTS FOR STAY AND EARLY EVALUATION CONFERENCE
- [ ] GENERAL ORDER
- [ ] PROOF OF SERVICE – DISABILITY ACCESS LITIGATION
- [ ] NOTICE OF ASSIGNMENT TO IMAGING DEPARTMENT
- [ ] OTHER:

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center<br>PLANTIFF: Rafael Arroyo<br>DEFENDANT: Ayres-Anaheim, L.P.<br>Short Title: ARROYO VS. AYRES-ANAHEIM, L.P. | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>Jan 7, 2021<br>Clerk of the Superior Court<br>By: Myra Nakata, Deputy |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2020-01174490-CU-CR-CJC |

Please take notice that a(n), Jury Trial has been scheduled for hearing on 05/15/2023 at 09:00:00 AM in Department C23 of this court, located at Central Justice Center.

IMPORTANT: Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.

Civil Matters - http://www.occourts.org/media-relations/civil.html

Probate/Mental Health - http://www.occourts.org/media-relations/probate-mental-health.html

IMPORTANTE: Antes de la fecha de su audiencia, consulte el sitio web de la corte para obtener las instrucciones más recientes sobre cómo presentarse para su audiencia y acceder a los servicios disponibles para responder sus preguntas.

Casos civiles - http://www.occourts.org/media-relations/civil.html

Casos de Probate y Salud Mental - http://www.occourts.org/media-relations/probate-mental-health.html

QUAN TRỌNG: Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của Tòa để biết những hướng dẫn mới nhất về cách trình diện tại phiên tòa và cách tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.

Vấn Đề Dân Sự - http://www.occourts.org/media-relations/civil.html

Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - http://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court, By: _____, Deputy

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Central Justice Center<br>700 W. Civic Center DRIVE<br>Santa Ana 92701 ||
|---|---|
| SHORT TITLE: ARROYO VS. AYRES-ANAHEIM, L.P. ||
| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2020-01174490-CU-CR-CJC |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 01/07/2021. Following standard court practice the mailing will occur at Sacramento, California on 01/08/2021.

Clerk of the Court, by: _____, Deputy

CENTER FOR DISABILITY ACCESS
8033 LINDA VISTA ROAD # 200
SAN DIEGO, CA 92111